214 So.2d 415

Ex parte Carl M. GOODWIN.

6 Div. 602.

Supreme Court of Alabama.

Sept. 26, 1968.

---

Carl M. Goodwin, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for respondent.

MERRILL, Justice.

Petitioner, a convict in the State penitentiary, filed a petition for writ of man-

damus in this court on June 20, 1968, asking that we order the Circuit Court of Jefferson County to hold a hearing on petitioner's request for writ of error coram nobis filed in that court in December, 1967. The State filed a motion to dismiss the petition.

On June 24, we issued an order to the circuit court to hear the coram nobis proceeding or to show cause why it should not. The Attorney General filed a return and answer to the rule nisi and petitioner filed a motion to strike the respondent's return and answer. The cause was submitted on September 3, 1968.

On the record described supra, we would have been inclined to order a hearing on the petition for writ of error coram nobis, but two documents, not part of the record, convince us that such an order would be moot, because these documents show that the Circuit Court of Jefferson County dismissed petitioner's application for writ of error coram nobis on August 19, 1968.

The first of these documents is an order by the United States District Court for the Middle District of Alabama, dated September 3, 1968, in Carl M. Goodwin v. State of Alabama and Curtis M. Simpson, Warden, Misc. No. 504, wherein that court dismissed petitioner's application for a writ of habeas corpus because petitioner had not exhausted his State remedies in that his petition for writ of error coram nobis in the Circuit Court of Jefferson County had been dismissed on August 19, 1968, and the time for appeal from that dismissal had not expired.

The other document is an original petition for writ of habeas corpus filed by petitioner in this court on September 13, 1968, and which was brought by the clerk of this court to the author of this opinion. In that petition, the petitioner states that the Circuit Court of Jefferson County dismissed his application for writ of error coram nobis on August 19, 1968.

It is our opinion that a better and more adequate record could be presented if peti-

tioner appealed the ruling of August 19, 1968, and the time for taking such an appeal has not expired.

The petition for mandamus is denied on the ground that it is moot because the relief sought has already been granted.

We have consolidated the original request for habeas corpus with the mandamus proceeding and now deny it.

■ The writ of habeas corpus issues from this court only when necessary in the exercise of the "general superintendence and control of inferior jurisdictions" with which it is clothed by § 140 of the Alabama Constitution. Ex parte Taylor, 275 Ala. 346, 155 So.2d 299; Ex parte Chaney, 8 Ala. 424; Ex parte Croom, 19 Ala. 561. See Ex parte Winnagle, 269 Ala. 668, 115 So.2d 261.

■■ When a person is confined in the penitentiary, the petition for writ of habeas corpus must be addressed to the nearest circuit judge. Section 6, Title 15, Code 1940. Any "party aggrieved by the judgment on the trial of a habeas corpus may appeal to the supreme court or court of appeals." Section 369, Title 15, Code 1940.

Petitions for writ of mandamus and habeas corpus denied.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.