**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph CAREY, a/k/a James Francis
Smith, Defendant-Appellant.**

**No. 77–3376
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 26, 1978.

Joseph Carey, pro se.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1344**

Before MORGAN, CLARK and TJOF-LAT, Circuit Judges.

PER CURIAM:

 James Smith alias Joseph Carey, etc., appeals from the district court denial of his Petition for Writ of Error Coram Nobis. Appellant's collateral attack of his expired twenty year sentence on a 1948 guilty plea is premised upon three assertions; that appellant did not knowingly and voluntarily waive his right to counsel; that the convicting court failed to advise appellant of the nature and elements of the charged crimes; and that this allegedly unlawful prior conviction adversely affected appellant when sentenced on his present Pennsylvania state conviction. We affirm the district court's denial of the petition.

Appellant, using the name Joseph Carey, signed a waiver of counsel form in regard to the conviction in question. The proceedings in the district court, while not recorded in their entirety, state: "Constitutional rights explained; waivers of assistance of counsel signed; indictment read and explained; pleas of 'Guilty' entered. Testimony of Agent." Additionally, the judgment indicates that appellant was advised of his constitutional right to have counsel appointed. Appellant incorrectly asserts that there is proof "on the record" that he was not properly advised of the nature and elements of the charged crimes. There is no such proof on the record. Moreover, the proceedings as recorded state that the indictment was read and explained.

Appellant's claim that his waiver of counsel was involuntary is contradicted by the record, as noted above. Additionally, as we have previously stated:

> When a petitioner simply contends that his pre-*Boykin* plea was not understandingly entered, and offers no allegations to support that conclusion, as in the case sub judice, the claim is insufficient

to necessitate federal habeas consideration. *Weaver v. Texas*, 5 Cir. 1971, 441 F.2d 388.

*Bryant v. Elliot*, 5 Cir. 1973, 472 F.2d 572; see also *Cunningham v. Estelle*, 5 Cir. 1976, 536 F.2d 82.

Accordingly, this collateral attack on appellant's expired conviction must fail.

AFFIRMED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.