This is a consolidated appeal by an indigent from the denial of his petitions for writ of habeas corpus and writ of error coram nobis to review eleven previous felony convictions.
In 1978, appellant entered guilty pleas to nine indictments in Perry County for the offenses of robbery, burglary and escape. At the time, he retained Mr. O.S. Burke of Marion, Alabama to represent him. That same year, appellant also pleaded guilty to two Dallas County indictments for robbery. Mr. Burke was not his attorney of record for the Dallas County cases, but he helped to negotiate an agreement between the district attorneys of both counties for concurrent sentences totalling forty years in all cases. Appellant was subsequently sentenced to forty years and sent to Draper Correctional Center in Elmore County. He did not appeal any of the convictions.
On September 4, 1981, appellant filed pro se habeas corpus and coram nobis petitions in Perry Circuit Court attacking all eleven convictions. The petitions, including those arising out of the Dallas County convictions, were consolidated for a hearing on October 2, 1981, in Perry Circuit Court, by agreement of the parties.
The court appointed counsel to represent appellant at the hearing, but the attorney withdrew shortly before the date set and the court named another lawyer, Mr. Larry Leonard of Linden, Alabama, some three hours prior to the hearing.
Appellant's petitions claimed, in essence, that he was "intimidated and coerced" by his first lawyer into pleading guilty by being told that unless he agreed to the proposed *Page 513 
forty-year concurrent sentences, he would undoubtedly be tried separately, convicted and sentenced consecutively for all eleven offenses.
Appellant's petitions also maintained that his attorney was incompetent because he neglected to investigate the cases, failed to discover flaws in the indictments or arrest warrants, and did not inform him of possible defenses to the charges.
At the hearing, the State introduced a letter from the appellant to his attorney stating, in substance, that appellant agreed to the negotiated pleas and forty-year sentence and was satisfied with the representation provided by his lawyer.[1] Mr. Burke testified that he composed and typed the letter and then discussed it with the appellant. Appellant read and signed it in the presence of his father, who also signed as a witness.
Appellant acknowledged at the hearing that he had read and signed the letter, but he stated that when he did so he did not know the meaning of the word "coerced" in the sentence "The decision to plead guilty was my decision and I was not coersed [sic] or pressured to enter this plea by anyone, including you and my father."
The trial judge denied all the petitions and the appellant appealed, now claiming that he was not afforded the effective assistance of counsel by his second attorney, the one who represented him at the hearing on his petitions.
Appellant's petitions for writ of habeas corpus were correctly denied, first, because they were not filed in the proper circuit, and second, because they established no basis for relief under the writ. A petition for writ of habeas corpus by a state penitentiary inmate should be addressed to the nearest circuit judge, Ex Parte Goodwin, 283 Ala. 61,214 So.2d 415 (1968); Ala. Code § 15-21-6 (1975), rather than to the court where the original conviction occurred. In addition, neither the alleged ineffectiveness of counsel nor the claimed involuntariness of a guilty plea entitles a petitioner to habeas corpus relief. See Argo v. State, 41 Ala. App. 347,133 So.2d 201, cert. denied, 272 Ala. 699, 133 So.2d 203 (1961); Ala. Code § 15-21-24 (1975).
In our judgment, appellant's coram nobis petitions were also properly denied. Appellant offered no evidence to substantiate his allegation that he was intimidated into pleading guilty. Aside from his unfamiliarity with the single word "coerced," his testimony indicates that he was aware of the import of the remainder of the letter he signed.
Furthermore, appellant's attorney testified that before appellant's pleas were received by the court, he (Mr. Burke) fully explained the contents of an Ireland form, See Ireland v.State, 47 Ala. App. 65, 250 So.2d 602 (1971), to appellant and the judge conducted a full colloquy with appellant concerning the voluntariness of the pleas. Although the record before us contains neither the Ireland form nor the transcript of the colloquy on the guilty pleas, appellant offered no proof to dispute the existence or sufficiency of either.
Appellant also failed to carry the burden of proving that his first counsel was ineffective. In addition to the fact that appellant's signature on the letter acknowledged his satisfaction with the job his attorney had performed, the testimony of appellant's own witnesses undermined his assertion that counsel had neglected to investigate the cases or find defects in the indictments. In short, appellant established absolutely no proof that counsel had not ably represented him. See Clark v. State, 396 So.2d 1083 (Ala.Crim.App. 1981).
Moreover, we do not believe that appellant was denied the effective assistance of counsel at his coram nobis hearing.
Initially we note that, even though a coram nobis petition seeks relief from a criminal judgment, it is a civil proceeding, Ex Parte Wilson, 275 Ala. 439, 155 So.2d 611
(1963), and an indigent petitioner is not entitled to appointed counsel as a *Page 514 
matter of right. See Ala. Code § 15-12-23 (a) (1975). The Sixth Amendment right to counsel does not guarantee the representation by an attorney to a criminal defendant beyond the first level of appellate review, Martin v. State, 277 Ala. 153, 167 So.2d 912 (1964); Juelich v. United States,342 F.2d 29 (5th Cir. 1965).
Generally, the decision whether to appoint counsel in a collateral procedure, such as a coram nobis petition, is discretionary, see Ex Parte Lott, 42 Ala. App. 484,168 So.2d 265 (1964), and derives from the Due Process Clause rather than the Sixth Amendment. See United States v. Barnes, 662 F.2d 777,780 (D.C. Cir. 1980); Vandenades v. United States, 523 F.2d 1220
(5th Cir. 1975); Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970).
Appellant contends that because his counsel was named to represent him only three hours prior to the coram nobis hearing, and admitted to the trial judge that he was not fully versed in the facts of the case, appellant was denied the effective assistance of counsel. He also claims that counsel called witnesses whose testimony proved adverse to him, and failed to object to the statement (made by his first attorney) that appellant had admitted his guilt of all eleven offenses.
In our judgment, the allegations in appellant's petitions were so patently without merit and so directly refuted by the letter appellant himself had signed some three years earlier that they did not require extensive preparation by counsel. Three hours was not unreasonable. See Burton v. State,43 Ala. App. 249, 187 So.2d 808 (1966).
Furthermore, the fact that the testimony of appellant's witnesses proved detrimental to him does not establish counsel's inadequacy any more than does the fact a defendant is convicted prove his lawyer lacked competence. See Butler v.State, 279 Ala. 311, 184 So.2d 823 (1966).
Appellant claims that it was a violation of the attorney-client privilege, outlined in § 12-21-161 of the Code of Alabama 1975, to allow his first attorney to testify that appellant admitted his guilt of the eleven offenses. He claims that this testimony undermined his entire coram nobis petition since an allegation of innocence or the existence of a valid defense is necessary to the petition.
We note, first, that the attorney-client privilege set out in § 12-21-161, supra, does not apply where the answer is a matter of public record, International Brotherhood of Teamsters v.Hatas, 287 Ala. 344, 252 So.2d 7 (1971), and here appellant's pleas of guilty were already recorded acknowledgements of his lack of innocence. Next, when a coram nobis petition asserts the denial of effective counsel, it is not necessary to allege that the petitioner is innocent or has a valid defense, Summersv. State, 366 So.2d 336 (Ala.Crim.App. 1978), cert. denied,366 So.2d 346 (Ala. 1979), so that the attorney's answer was in no way fatal to appellant's petition.
There is no error in the record. The orders of the Perry Circuit Court denying the petitions are affirmed.
AFFIRMED.
All the Judges concur.
[1] Attached hereto as Appendix I.
 EXHIBIT "A" APPENDIX I Barry Hobson Perry County Jail Marion, Alabama 36756 February 27, 1978
 Mr. O.S. Burke, Jr. Attorney at Law Marion, Alabama 36756 Re: State of Alabama Vs. Barry Hobson 78-09 Robbery 78-08 Burglary, 1st degree 78-07 Burglary, 2nd degree 77-53 Burglary, 2nd degree Robbery, Dallas County 78-06 Escape, Perry County
Dear Mr. Burke:
 I am aware of the fact that the D.A. has offered to settle all pending cases in both
 Dallas County and Perry County for a total term of 40 years. Sentences in the various cases will vary in length, but all will run concurrently.
 I have talked this offer over with my father as well as with you, and I feel that I should accept the D.A.'s offer.
 You have represented me over a long period of time and I feel that you have done everything that any lawyer could do for a client under these circumstances, and I am completely satisfied with the manner in which you have represented me. I am completely satisfied with the settlement worked out with the D.A. and I feel that I have been dealt with fairly by all concerned.
 The decision to plead guilty was my decision and I was not coersed or pressured to enter this plea by anyone, including you and my father.
Thank you,
 /s/ William Barry Hobson /s/ Luther Hobson
William Barry Hobson Witness, Luther Hobson *Page 515