This is an appeal from the denial of a petition for writ of error coram nobis. The petitioner seeks to invalidate his four 1980 convictions on the grounds that his guilty pleas were involuntary and because appointed counsel were ineffective.
 I
In April of 1980, the defendant waived indictment and pled guilty to four informations as authorized by Alabama Code Sections 15-15-20 through 15-15-26 (1975). The informations charged the defendant with two cases of burglary in the third degree, theft (auto) in the first degree and receiving stolen property. Pursuant to the plea bargain agreement, the defendant was sentenced to three years' imprisonment in each case, with each sentence to run concurrently. Because the defendant pled guilty before indictment, he had no right to appeal. Alabama Code Section 15-15-26 (1975).
The petitioner alleged in his petition for writ of error coram nobis, filed by court *Page 529 
appointed counsel, that counsel appointed to represent him on the guilty pleas were incompetent, that he was "never advised by anyone of his right to apply under the Youthful Offender Act" and that he is "not guilty of the charges contained in the information."
After the petitioner was arrested, three different attorneys were appointed to represent the petitioner on the four charges. One of these attorneys was appointed to represent the petitioner in two cases.
At the hearing on his petition and on appeal, petitioner argues that counsel were incompetent because (1) "appointed counsels Mr. Massey and Mr. Adams never went over the facts of the cases" with him, (2) "Mr. Adams had only one discussion" with him, (3) he never saw Mr. Massey, (4) the evidence the police had against him was never explained, and (5) the Youthful Offender Act (Alabama Code Section 15-19-1 et seq. (1975)) was never explained to him.
For each charge the petitioner executed an "Ireland form",Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971) satisfying the requirements of Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In signing each form, the defendant specifically acknowledged his guilt of each crime charged.
In each case, the judgment entry of the trial judge contained the following:
 "The defendant being called before the Court accompanied by his counsel, and the defendant, his counsel and the Court having then and there executed `Court's Exhibit A' (Ireland form) . . . and the defendant now stating to the Court that he has read said exhibit or has had said exhibit read to him by his counsel and that his counsel has fully explained to him the contents of said exhibits and that he fully understands same and has no questions about same, the Court finds that the defendant is represented by competent counsel and that defendant has a full understanding; hereby enters a plea of guilty and is intelligently and voluntarily entering his plea of guilty with a full understanding of the nature of the charge and the consequences of his plea." (Emphasis added).
The judge who presided over the coram nobis hearing was the same judge who accepted the defendant's guilty pleas. Although he denied the petition without making any written or oral finding of facts, he stated in the hearing that he was familiar with the guilty pleas: "I remember it well. I remember this better than any case that has been brought before me. * * * I remember this case better than any case that has been brought before me. So, I'm satisfied." In some cases recollection of the events at issue by the judge who presided at the original conviction may enable him summarily to dismiss a motion for postconviction relief. Blackledge v. Allison, 431 U.S. 63, 74
n. 4, 97 S.Ct. 1621, 1629 n. 4, 52 L.Ed.2d 136 (1977).
Several of the petitioner's allegations may be disposed of immediately because they are contradicted by the petitioner's own testimony. At the hearing, the petitioner admitted his guilt of three of the charged crimes. He maintained that he was not guilty of receiving stolen property and stated that he pled guilty to that offense because it was part of a "package deal". The petitioner did admit some participation in the conduct leading to this charge.
He also admitted that his attorneys had discussed with him the advantages and disadvantages of youthful offender treatment: "They discussed it, but not in detail." In addition, he stated that in three of the cases he discussed what evidence there was against him with one of his attorneys and "went over" the facts of these cases with that attorney.
Other portions of the petitioner's testimony are in direct conflict with statements in the Ireland form and the findings of the court in the judgment entries.
A petitioner attacking a conviction through coram nobis bears a heavy burden of proving his allegations by "clear, full and satisfactory proof" which is "highly exacting as to proof of facts, and always means *Page 530 
more than reasonably satisfying." This Court recently discussed this burden of proof in Holsclaw v. State, (Ms. 8 Div. 726, February 1, 1983) (Ala.Cr.App. 1983), wherein we held that the petitioner's testimony, even though undisputed by any other witness, that his waiver of a trial by jury was fraudulently induced was insufficient to entitle him to relief in view of the fact that it was contradicted by a jury waiver he had previously signed.
Proper, efficient and fair administration of justice demands that presumptions of reliability attach to judgment entries and written statements or forms executed by the petitioner. Our Supreme Court recognized this principle in Howard v. State,280 Ala. 430, 433, 194 So.2d 834 (1967), when it stated that "there is a presumption of reliability which attaches to the recital in a judgment entry and we do not think that ordinarily that presumption can be overcome by the mere statement of a petitioner that the judgment entry is incorrect." In Howard, the judgment entry disclosed only a plea of not guilty while the testimony of the petitioner and the trial judge revealed a plea of guilty to a lesser included offense. There, the court found that "the presumption of reliability which usually attaches to the recital in a judgment entry" had been overcome because in addition to the petitioner's testimony there was that of the trial judge.
In this case, the judgment entries reflect that the Ireland forms were executed in open court. "Solemn declarations in open court carry a strong presumption of verity." Blackledge,431 U.S. at 74, 97 S.Ct. at 1629.
A petitioner who claims that his guilty plea is involuntary has the heavy burden of proof. Champion v. State, 44 Ala. App. 660, 219 So.2d 416 (1969). On collateral attack, a guilty plea is presumed valid, Ware v. State, 44 Ala. App. 679, 681,219 So.2d 910 (1969), as is the competency of trial counsel. "The presumption indulged by the court in a coram nobis hearing is to the effect that counsel was adequate and effective at trial." Harris v. State, 367 So.2d 524, 528 (Ala.Cr.App. 1978), cert. denied, 367 So.2d 534 (Ala. 1979); Summers v. State,366 So.2d 336, 341 (Ala.Cr.App. 1978), cert. denied, Ex parteSummers, 366 So.2d 346 (Ala. 1979); Willis v. State,42 Ala. App. 85, 90, 152 So.2d 883 (1963).
Here, the petitioner's claim of involuntariness is contradicted by the record. This furnished an ample basis on which the trial judge could deny the writ. United States v.Carey, 571 F.2d 1343 (5th Cir. 1978). Indeed, as was specifically held in Seibert v. State, 343 So.2d 788, 789 (Ala. 1977), "The trial judge must have believed the witness . . . on coram nobis, else he should not have granted the writ." (Emphasis in original). Without supporting evidence of any kind, the present assertions of the petitioner are not sufficient to entitle him to post-conviction relief. Sanchez v.United States, 584 F.2d 109 (5th Cir. 1978); Matthews v. UnitedStates, 533 F.2d 900 (5th Cir. 1976).
In view of the presumptions of reliability attached to the Ireland forms and judgment entries, the credibility of the petitioner was for the trial judge. The contradictions presented by these presumptions and petitioner's testimony and the discrepancies existing between the allegations of the petitions and the petitioner's own testimony fully justify a finding that the petitioner's testimony is not worthy of belief. Holsclaw, supra. Clearly, the petitioner has not carried the burden of presenting clear and convincing evidence that his legal representation was totally inadequate. Lewis v.State, 367 So.2d 542, 547 (Ala.Cr.App. 1978), cert. denied, Exparte Lewis, 367 So.2d 547 (Ala. 1979).
The evidence convinces us that the defendant's guilty pleas represent voluntary and intelligent choices among the alternative courses of action opened to him. Consequently, he should not be allowed to later attack these pleas. NorthCarolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162
(1970); Harris, 367 So.2d at 533. A guilty plea is not invalid because motivated by a desire to obtain a lesser sentence.Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463,25 L.Ed.2d 747 (1970). *Page 531 
 II
The petitioner argues that the information forms are "defective to the extent that they will not support a conviction." The informations filed by the district attorney do not correspond in each case with the respective arrest warrants.
It appears that the informations in case numbers 80-0876 and 80-0877 were confused. Case 80-0876 involved burglary as reflected by the warrant of arrest, the Ireland form and the judgment entry. However, the information numbered 80-0876 charged the theft (auto) which was the basis for the charge in case number 80-0877 as reflected by the warrant, the Ireland form and the judgment (which all concerned theft) in that case. The information in case 80-0877 (theft) charged the burglary involved in case 80-0876. The informations in these two cases were simply given the wrong number and placed in the wrong file.
The warrant in case 80-0878 involved the burglary of a building belonging to Alex Newton. The information mistakenly charged the burglary of a building belonging to Audry Preston
which was the crime involved in case 80-0876 (and the crime actually charged in the information numbered 80-0877). However, a judgment entry in case 80-0878 recites that the State filed against the petitioner a charge of burglary involving "a building of Alex Newton".
Technical errors caused by unintentional administrative negligence do not constitute grounds for error coram nobis. Such are not within the function of the writ.
 "The office of the writ of error coram nobis is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged." Smith v. State, 245 Ala. 161, 16 So.2d 315 (1944) (emphasis added).
Petitioner cannot take advantage of his own negligence in his failure to raise this matter at the time of pleading guilty.Braswell v. State, 53 Ala. App. 645, 303 So.2d 145 (1974). Coram nobis is appropriate only when the petitioner's claim is based on facts which were not known and could not have been discovered with the exercise of reasonable diligence at the time of trial. Thigpen v. State, 374 So.2d 401, 405
(Ala.Cr.App.), cert. denied, 374 So.2d 406 (Ala. 1979). "The writ of error coram nobis is not intended to relieve a party from his own negligence, and facts known to the accused at the time of trial, and not brought to the court's attention through his negligence, afford no ground for relief." Adams v. State,281 Ala. 432, 203 So.2d 448 (1967).
The defects of which the petitioner complains constitute oversights and errors having nothing to do with whether or not his guilty pleas were voluntary and intelligent. A reading of the entire record dispels any suggestion that these defects tainted or infected the guilty pleas. These administrative errors do not constitute "a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure." Keel v.United States, 585 F.2d 110, 113 (5th Cir. 1978).
Our review convinces us that the petitioner received exactly what he bargained for in exchange for intelligently and voluntarily pleading guilty. His attack upon his convictions is not supported by clear and convincing evidence.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 807