TYSON, Judge.
William K. Walden filed a petition for writ of error coram nobis in the Marshall County Circuit Court. A hearing was held concerning the petition and the judge denied the petition following this hearing. Hence, this appeal.
The following was adduced at the hearing on the petition.
Ledel Wilbanks testified that, on August 26, 1985, he was incarcerated at the Marshall County Jail. On that date, he was involved in a fight with this appellant. The appellant was injured as a result of the fight.
Wilbanks testified that he had not been paid or asked by anyone to beat up this appellant although he had heard rumors to this effect. However, he said that one of the deputies told him “he wanted to shake my hand because he thought I’d done a good job on Mr. Walden.” (R. 4).
Kenneth Little, also a prisoner in the Marshall County Jail on August 26, 1985, testified that he tried to break up the fight between Wilbanks and this appellant. Little stated that he had heard rumors that Wilbanks was paid to beat up the appellant but he was not aware that Wilbanks was indeed paid or asked to do this.
Sonny Riddle, a deputy with the Marshall County Sheriff’s Department, testified that, on August 13 or 14, 1985, he received a report of a burglary and assault involving his wife, Mitzi. After investigation, Riddle had reason to believe the offenses were committed by someone whom he had recently arrested. Riddle showed his wife several photographs, four of which were the appellant’s picture. Mitzi Riddle identified the appellant as her assailant.
Riddle obtained a warrant for the appellant’s arrest and he was brought to jail. Upon the appellant’s arrival at the jail, Riddle hit this appellant. The appellant was then transferred to the Madison County, Alabama Jail for a time.
Although Riddle stated he had heard rumors that he had paid Wilbanks to beat up the appellant, he testified he did not offer *875 or pay anything to anybody to beat up the appellant.
The appellant testified that Riddle “slugged” him when he was brought to the Marshall County Jail on August 16, 1985. That day, he was transferred to the Madison County Jail. While he was being transported, he said Sheriff Walter Colbert told him he was being transferred to keep the deputies from “breaking his neck.” The appellant returned to the Marshall County Jail on August 26, 1985. Upon his return, he asked to be in the “B” cell but was told the Sheriff wanted him in the “C” cell.
Shortly after his arrival, Wilbanks came in the appellant’s cell and began beating him up. Little came in and held the appellant while Wilbanks continued beating him. The appellant was taken to the hospital and had surgery for an inguinal hernia which resulted from the fight. The appellant was placed in an isolation cell upon his return to jail.
The appellant stated one of the deputies told him he should “sue the county” after the fight occurred. The appellant testified he talked to the Sheriff about a suit and Sheriff Colbert told him that they would be lenient on him if he didn’t sue.
The appellant hired Bob Hanson to represent him on several charges which were pending against him. He and Hanson discussed the cases together “at least once.” Hanson told the appellant it was best to enter a plea and on October 21, 1985, the appellant pled guilty to robbery in the third degree (which was reduced from first degree robbery), receiving stolen property and burglary in the third degree. The appellant received a sentence of 20 years on the robbery conviction and ten years on the burglary and receiving stolen property charges. The sentences were to run consecutively.
At the hearing, the appellant stated that he was not guilty of these charges and he pled guilty to get out of the Marshall County Jail because he was in fear of his life. He also stated that he pled guilty based on Sheriff Colbert’s statement that he would receive lenient treatment if he didn’t file suit.
The appellant said that he thought he was getting 30 years when he pled guilty. He claimed he was on pain medication at the time of his guilty plea.
The appellant stated that he went over the details of the offenses with Hanson but he didn’t think Hanson conducted any investigation. He didn’t know of any discovery or other motions filed by Hanson.
The appellant stated he went over his rights with his lawyer before his plea but he didn’t ask any questions of his lawyer. He stated he read over and signed his “rights form” and indicated he understood them but he doesn’t remember the judge explaining them to him. He said he doesn’t remember the judge asking if he was on drugs, but he did tell the judge he was of sound mind. The appellant also stated that he doesn’t remember the court pronouncing sentence.
Although the appellant claimed he had received threats in the jail, he didn’t tell the judge about them. However, he doesn’t recall the judge asking him any questions about coercion, fear or threats.
Sheriff Colbert testified that he was aware of the incident between the appellant and Riddle. Riddle filed a report on this matter. Following this incident, the appellant was transferred to the Madison County, Alabama Jail to take pressure off his employees since Riddle’s wife had been assaulted. The appellant returned to the Marshall County Jail one week later because Colbert thought the situation had calmed down and the appellant had a court hearing the next day.
Sheriff Colbert ordered an investigation following the fight between the appellant and Wilbanks. Several inmates were investigated and Colbert went to the hospital to talk to the appellant, but he would not give a statement. At the hospital, there was no discussion about a suit by the appellant and Colbert did not tell the appellant he’d be lenient if he didn’t sue.
Colbert stated that the appellant did not tell him he was scared upon his return to jail from the hospital. To Colbert’s knowledge, the appellant wasn’t on medication *876 after he left the hospital. Colbert hadn’t heard any rumors that Riddle was responsible for the fight between the appellant and Wilbanks.
Faye Strawn, the appellant’s mother, testified that Sheriff Colbert approached her and said he’d heard the appellant was going to file suit. When she replied that she didn’t know, Colbert told her not to sue because they were going to be lenient.
Bob Hanson stated that he was a practicing attorney in Marshall County and had been practicing for 17 years. He said that he represented the appellant and his sister on a number of occasions in 1985. The appellant had several charges pending against him at the time including two charges of burglary, robbery, receiving stolen property and marijuana possession.
Hanson talked with the appellant on several occasions about these cases and conducted a thorough investigation. Hanson filed discovery motions, reviewed statements made by the appellant and others, talked to investigators and victims, one of whom positively identified this appellant.
Based on his investigation and the fact the appellant had a prior felony conviction, Hanson felt the likelihood of conviction on these charges was great. Hanson discussed this with the appellant and worked out a plea agreement with the State. The appellant would plead guilty to one charge of robbery, one of receiving stolen property and one of burglary. The other cases against him would be dismissed, including the charges involving Mitzi Riddle. The appellant was to receive a 20 year sentence for the robbery charge and ten years on the burglary and receiving stolen property charges.
Hanson thoroughly discussed the plea bargain agreement with the appellant as did the court at the time.
Hanson stated that the appellant didn’t tell him or the judge he was on drugs at the time of the guilty plea and he didn’t appear to be under the influence according to Hanson. The appellant indicated he could read and write and never told Hanson he didn’t understand what was going on.
Hanson stated he never discussed a plea of insanity with the appellant because he had no reason to doubt his sanity and the appellant informed the judge he was of sound mind.
Hanson stated the appellant mentioned filing suit against the county but Hanson told the appellant he didn’t want to be a part of the suit. The appellant never complained to him concerning the way his cases were handled.
I
The appellant contends the judge erred by failing to find that his counsel was ineffective and inadequate.
In a coram nobis hearing, there is a presumption to the effect that counsel was adequate and competent, particularly when counsel is retained as here, rather than appointed. Little v. State, 426 So.2d 527 (Ala.Crim.App.1983); Summers v. State, 366 So.2d 336 (Ala.Crim.App.1978); writ denied, 366 So.2d 346 (Ala.1979).
Here, the appellant has not convinced this court that Hanson’s handling of his cases or Hanson’s recommendation concerning the guilty plea was incorrect. The evidence clearly showed that Hanson thoroughly investigated the cases and had several discussions with this appellant concerning his cases. Thus, we conclude the appellant did not meet his burden of presenting clear and convincing evidence that his legal representation was inadequate or ineffective as a matter of law. Gwin v. State, 456 So.2d 845 (Ala.Crim. App.), cert. denied, 456 So.2d 845 (Ala. 1984); Little, supra. See also Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
II
The appellant contends that his guilty pleas were involuntary and, thus, his convictions should be reversed.
“A petitioner who claims that his guilty plea is involuntary has the heavy burden of proof. Champion v. State, 44 Ala.App. 660, 219 So.2d 416 (1969). On collateral attack, a guilty plea is presumed valid, *877 Ware v. State, 44 Ala.App. 679, 681, 219 So.2d 910 (1969)_” Little, supra, at 530. There is also a presumption of reliability attached to judgment entries and Ireland forms. Gwin, supra; Little, supra.
The record, including the testimony at trial, the Ireland forms (R. 262, 289, 307) and the judgment entries (R. 164-169), does not support this appellant’s claim of involuntariness. “The evidence convinces us that the defendant’s guilty pleas represent voluntary and intelligent choices among the alternative courses of action opened to him.” Little, supra, at 530. The appellant did not overcome his presumption in this instance.
See also Strickland v. Washington, supra.
III
The appellant contends the judge erred by stating in its order following the hearing that the appellant “does not claim innocence of the charges” (R. 150).
The judge’s statement was, indeed, incorrect. The appellant did assert he was not guilty in his petition and at the hearing. Even so, it is not necessary to allege innocence in a coram nobis petition when the petitioner asserts the denial of effective assistance of counsel. Hobson v. State, 425 So.2d 511 (Ala.Crim.App.1982), cert. denied, 425 So.2d 511 (Ala.1983).
However, the judge’s incorrect statement here is no cause for reversal. The trial judge also stated in his order that the appellant did not meet his burden of proof in this coram nobis petition. This was correct.
Therefore, the judge correctly denied the appellant’s petition for writ of error coram nobis. This cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.