579 So.2d 34 (1991)
Ben Dobbs NORRIS
v.
STATE.
CR 89-1413.
Court of Criminal Appeals of Alabama.
January 18, 1991.
On Return to Remand March 15, 1991.
Ben Dobbs Norris, pro se.
Don Siegelman, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for the State.
FAULKNER, Retired Justice.
Ben Dobbs Norris appeals pro se from a denial of a Rule 20, A.R.Cr.P.Temp., petition. He alleges that his guilty plea to theft was not intelligently and knowingly given.
The record is unclear as to whether Norris pleaded guilty to theft in the first degree or to theft in the second degree. In one place, the record shows theft, first degree, but Norris, in his petition, states that he was convicted of theft in the second degree.
This case is remanded to the Circuit Court of Walker County with instructions to file with this Court both a copy of the transcript of the colloquy between the trial judge and the defendant prior to the court's acceptance of the guilty plea, and a copy of the transcript of the proceeding in which sentence was imposed by the trial court.
REMANDED WITH INSTRUCTIONS.
PATTERSON, P.J., and TYSON, TAYLOR and McMILLAN, JJ., concur.
BOWEN, J., dissents with opinion.
BOWEN, Judge, dissenting.
I dissent from the majority opinion remanding this cause to the circuit court.
This is an appeal from the denial of a petition for post-conviction relief. The petitioner challenges his 1989 guilty-plea conviction for second degree theft.[1] The petitioner's major complaint is based on a claim that his guilty plea was involuntary and invalid because of his pre-existing mental condition. He also contends that his counsel was ineffective in this regard.
*35 The circuit court summarily denied the petition without any response being filed by the district attorney. The circuit court's order of denial states:
"Defendant having filed a Petition for Relief From Conviction or Sentence and the Court having read, understood and considered the same, states that the Court is very much aware of the defendant's psychiatric history and the Judge has had him in court on several occasions where defendant was psychotic and that the Court made careful inquiry in its colloquy with defendant. The Court is of the clear impression that defendant did understand everything at the time of the plea. It is, therefore,
"ORDERED BY THE COURT that the Petition for Relief From Conviction or Sentence be and the same is hereby DENIED."
The petitioner filed no motion contesting this finding.
"In some cases, recollection of the events at issue by the judge who presided at the original conviction may enable him summarily to dismiss a motion for postconviction relief." Little v. State, 426 So.2d 527, 529 (Ala.Cr.App.1983). "If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order." Sheats v. State, 556 So.2d 1094, 1095 (Ala. Cr.App.1989).
The majority requests the circuit court to supply this Court with a copy of the transcript of the guilty plea proceedings and of the sentencing. If the majority finds that the petition is meritorious on its face and requires an evidentiary hearing in spite of the factual findings of the circuit court, then it should reverse the circuit court and remand this cause with directions that an evidentiary hearing be held in that court. That "hearing" should not be held in this Court.
If the petition is meritorious on its face, then a copy of the proceedings requested by the majority is not necessary. This Court should not supplement a petition with additional facts gleaned from the actual proceedings and not contained in the petition in order to determine whether the petition has merit. The majority opinion establishes a dangerous precedent.
In my opinion, this case should be affirmed without opinion, for the reasons stated in the August 2, 1990, order of the circuit court denying the petition.

ON RETURN TO REMAND
FAULKNER, Retired Justice.
This case was remanded to the trial court to file with this Court a copy of the transcript of the colloquy between the trial judge and the defendant prior to the acceptance of Norris' guilty plea. The case was remanded to determine the degree of theft that Norris entered his plea. The record now shows that Norris pleaded guilty to the offense of theft in the first degree.
The judgment of the trial court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.
NOTES
[1] Page two of the case action summary of case number CC-88-239 is styled, "BEN D. NORRIS Theft First Degree." Page one of the case action summary is not contained in the record. At any rate, for purposes of this appeal, the degree of the crime of which the petitioner was convicted makes no difference.