PATTERSON, Presiding Judge.
Roy Avon Harvell appeals from the lower court’s denial of his A.R.Cr.P. 32 petition, wherein he contested the validity of his 1989 conviction for murder and resulting sentence of life imprisonment without parole. The lower court denied Harvell’s petition without an evidentiary hearing, finding that “matters in petition properly raised on direct appeal.” Harvell filed a “Petition for Rehearing,” wherein he raised the additional issue that the trial court’s jury instruction violated Cage v. Louisiana, — U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). The lower court entertained this petition and found no Cage violation.
I
Harvell contends that the lower court’s rejection of his Cage issue was error. We have reviewed the jury charge and find no Cage issue. See McGee v. State, 594 So.2d 219 (Ala.Cr.App.1991).
II
Harvell further contends that the lower court erroneously denied his petition without an evidentiary hearing upon the finding that the petition’s allegations should have been raised on direct appeal. Among the petition’s allegations is the claim of ineffective assistance of counsel based upon numerous contentions. Some of these contentions are not sufficiently alleged. However, others warrant consideration, such as the contention that counsel was ineffective for failing to call Susan Collins to testify at trial. She was called by defense counsel to testify at a hearing on a motion for new trial, where she in effect testified that Har-vell’s wife had confessed to the murder and that two state’s witnesses had told her that Harvell’s wife had committed the murder.
“[The allegation of ineffective assistance of counsel] cannot be precluded on the grounds that it could have been but was not raised at trial or on appeal, since the petitioner had the same attorney at trial and on appeal.” Flanagan v. State, 577 So.2d 559, 560 (Ala.Cr.App.1990).
Accordingly, we remand this cause for further proceedings to allow the lower court to reconsider the petition’s allegations, except the Cage allegation. The court is authorized to require a more complete or further response by the state, to conduct an evidentiary hearing, or to take whatever further action is determined necessary to render a final judgment on Har-vell’s petition. “If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.” Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App. 1989). The court is to submit its written findings on each of the petition’s allegations — whether the allegation is procedurally barred or, if not, whether it is meritorious. The court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time, but in any event within 60 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.