The petitioner, Tracey H. Besselaar, filed a Rule 32, A.R.Cr.P. (formerly Temporary Rule 20), petition for relief. The circuit court denied the petition, holding that the issue presented could have been raised at trial and, additionally, that the issue could have been raised on direct appeal. The Court of Criminal Appeals affirmed. This Court granted Besselaar's petition for the writ of certiorari.
In his petition to this Court, Besselaar argues that he is entitled to relief because, he says, his trial counsel was ineffective; specifically, he bases this allegation on a claim that his attorney advised him to plead guilty to an indictment that was barred by the statute of limitations. Besselaar argues that, on advice of counsel, he pleaded guilty to a 1989 indictment that was based upon the theft of a motor vehicle in 1983.
We do not require that a claim of ineffective assistance of counsel be raised either in the trial court or on direct appeal when the defendant is represented by the same counsel at trial and on appeal. See Ex parte Jackson, 598 So.2d 895 (Ala. 1992).*
Besselaar was represented by the same counsel at trial and on appeal; therefore, review of his claim of ineffective assistance of counsel is available now through Rule 32, A.R.Cr.P.
We note from the record that the trial court apparently interpreted the petition as raising only the issue of whether the defense of the statute of limitations was waived by the guilty plea; therefore, the trial court did not address the issue of whether trial counsel had been effective. This may have been due to the fact that Besselaar's trial counsel also represented him at the Rule 32 hearing.
The petition on its face appears to have merit; therefore, we reverse the Court of Criminal Appeals' affirmance of the trial court's denial of relief and instruct the Court of Criminal Appeals to remand this case for an evidentiary hearing to determine whether Besselaar received effective assistance of counsel.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL, and KENNEDY, JJ., concur.
ALMON, J., concurs in the result.
* Reporter of Decisions Note:
The opinion in Ex Parte Jackson was originally released on Feb. 28, 1992; the present opinion cited the original opinion in Jackson. The Jackson opinion was withdrawn and a new opinion issued on May 8, 1992; the citation given here is that for the substituted opinion in Jackson, which was not materially different from the original opinion in regard to the point for which it was cited. *Page 980