This is an appeal from the summary denial of two Rule 32, A.R.Crim.P., petitions for post-conviction relief. The appellant challenges his two 1990 guilty plea convictions for robbery in the third degree. The circuit court denied the petitions without a response from the district attorney and without an evidentiary hearing. This judge was the same judge who accepted the petitioner's guilty pleas.
The appellant contends that he was given no notice, prior to the entry of his guilty pleas, of the State's intent to proceed against him as a habitual offender, and that he is therefore entitled to have his sentences vacated and to be resentenced as a first-time offender.
In denying the petitions, the circuit court entered the following order in each case:
 "The defendant was arraigned on November 5, 1990, and after the indictment was read to him, the defendant plead guilty to robbery in the third degree. The defendant was fully advised on the record, transcribed by Court Reporter Diane Duncan, of his legal rights and of the consequences of entering a guilty plea. A written Explanation of Rights and Plea of Guilt Form was submitted to the Court signed by the defendant and his appointed counsel. This form advised the defendant that he would receive a sentence of from fifteen (15) years to life in prison and a fine of up to $20,000.00 if convicted of a class C felony after prior conviction of three or more prior felonies.
 "The defendant, in colloquy with the Court, stated that he fully understood his legal rights and was knowingly, thoughtfully and voluntarily entering a guilty plea to the offense of robbery third degree.
 "A fully executed ' "Notice to Court of Agreed Plea Agreement and State's Recommendation" ' form was submitted to the Court and therein the defendant admitted on the record that he had previously been convicted of four felonies.
In accord with the agreement between the State and the defendant, the Court sentenced the defendant to a term of twenty (20) years in the State penitentiary. The defendant's sentence was concurrent with Calhoun County cases CC-90-1133 and CC-80-606 and Montgomery *Page 384 
County cases CC-83-707 and CC-83-1011. The Court granted defendant 121 days jail credit.
 "The petitioner-defendant has now filed an in forma pauperis Rule 32 Petition for Relief from Conviction or Sentence. The Court does hereby GRANT petitioner's request to proceed as an indigent.
 "Petitioner claims, in essence, that the Court did not provide him with prior notice of the State's intent to proceed against him as an habitual offender and that the Court must vacate his sentence and sentence him as a first time offender. Petitioner relies on language contained in Rule 6 of the Alabama Rules of Criminal Procedure-Temporary which suggest that the State must give reasonable prior notice of the State's intent to proceed against a defendant as an habitual offender and inform the defendant of the prior conviction which the State intends to use.
 "The Court finds that when a guilty plea is taken by the Court that such prior notice is waived by the defendant. The defendant herein has voluntarily admitted on the record that he had at least three prior felonies before the commission of his present offense. The defendant was clearly advised of the possible sentence he could receive and of the actual sentence he would receive under his plea agreement with the State. When a defendant waives his right to trial and confirms on the record his prior felony convictions under a plea agreement with the State, the Court will not compel the State to engage in a useless act. Accordingly, the petitioner-defendant's petition for relief is hereby DENIED." CR. 17 19 (emphasis added).
The circuit court need not require a response from the district attorney before it denies a Rule 32 petition. "Where a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney." Bishop v.State, 608 So.2d 345 (Ala. 1992) (quoting Bishop v.State, 592 So.2d 664, 667 (Ala.Cr.App. 1991) (Bowen, J., dissenting)).
We agree with the trial court that the petitioner's voluntary admission on the record that he had at least three prior felonies dispensed with the requirement of notice. SeeConnolly v. State, 602 So.2d 452, 456 (Ala. 1992) (wherein the court held that "[t]he notice requirement is eliminated when during the trial the defendant admits the previous felony conviction").
The orders of the circuit court denying the petitions are affirmed.
AFFIRMED.
All Judges concur.