BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief (styled “petition for writ of error coram nobis”). William Gunn challenges his 1992 guilty plea conviction for the unlawful possession *226 of marijuana in the first degree, alleging that his counsel was ineffective.
The chronological procedure of this case is as follows:
February 5, 1992: Petitioner, with the assistance of retained counsel, pleaded guilty, was convicted, and was sentenced as a habitual felony offender with three prior felony convictions to 15 years’ imprisonment. In pleading guilty, the petitioner signed a written “statement of satisfaction of services rendered by his retained attorney, Kenneth Funderburk,” and also acknowledged verbally during the course of the guilty plea colloquy that he was satisfied with the services of his attorney. The trial judge was the Honorable Robert M. Harper.
March 17, 1992: Petitioner, through new counsel, filed a written notice of appeal. This was after the 30-day period of time for filing a motion for new trial had expired. See Rule 24.1(b), A.R.Crim.P. Appellate counsel did not pursue the remedy provided in Ex parte Jackson, 598 So.2d 895 (Ala.1992).
June 23, 1992: Petitioner filed a “motion to stay appeal” in the Court of Criminal Appeals. Through this motion, the petitioner sought to “stay any further action on his appeal until the Appellant can present the issue of the denial of his constitutional right to the effective assistance of counsel to the circuit court.” CR. 9. At that time, the petitioner-appellant’s brief was due June 30, 1992.
June 25, 1992: A petition for writ of error coram nobis was filed in the circuit court. The petitioner alleged that his trial counsel was ineffective because: 1) counsel did not challenge an allegedly illegal search pursuant to a warrant; 2) counsel failed to challenge the sufficiency of the evidence (the appellant alleges that he did not live at the residence searched and that the police could not connect him to the marijuana); 3) counsel explained to the petitioner that the state would be able to prove its case, that if the petitioner went to trial and lost he would get life imprisonment, and that the judge “did not like drug offenders at all and that the Judge had a daughter that committed suicide on drugs.” The trial judge responded to the allegation by stating, “That’s an absolute lie.”
June 25, 1992: The motion to stay appeal was denied by the Court of Criminal Appeals on authority of Ex parte Jackson, 598 So.2d 895 (Ala.1992).
July 1, 1992: The appeal of the petitioner’s conviction was “dismissed on motion by appellant.”
August 12, 1992: A hearing was held on the petition for post-conviction relief. The original trial judge, the Honorable Robert M. Harper, conducted the hearing.
August 1⅛, 1992: The circuit court denied the petition and entered a written order:
“This Court has held a hearing at which the lawyer for Petitioner has submitted a brief and orally argued this matter.
“It appears that the thrust of the motion is based on inadequacy of trial counsel. The Defendant entered a plea of guilty in this case and was sentenced to a term of 15 years pursuant to a plea bargain. The Defendant was sentenced as a Habitual Offender having three prior felony convictions.
“It appears to this Court that the Petition is without merit. The matter of inadequacy of counsel could have been asserted on appeal. Even more importantly, the Court has an independent recollection of this case and, in the opinion of the Court, counsel for Defendant was not inadequate. On the contrary, it appears that he did a superior job of representing this Defendant.” CR. 30.
In an effort to achieve a better understanding of this case, this Court has reviewed its own records of the appellant’s original appeal in Gunn v. State, 617 So.2d 705, which was dismissed on July 1, 1992, on motion of the appellant. The record of that guilty plea satisfies the voluntariness requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
*227 The record of the guilty plea proceedings shows that defense counsel did challenge the admission of the items seized in the search of the residence on the ground that there was no connection between the appellant and the residence searched. This objection was made in a “motion to quash evidence and motion in limine.” CR 91-918, R. 11. Counsel was not ineffective in failing to challenge the “legality” of the search simply because the appellant had no standing. Counsel also challenged the “sufficiency of the evidence” in that motion, and furthermore, the appellant in pleading guilty, admitted that he did, in fact, possess marijuana.
Under these circumstances, the denial of the petition for post-conviction relief on the ground alleging ineffective assistance of counsel is due to be affirmed. “In some cases recollection of the events at issue by the judge who presided at the original conviction may enable him summarily to dismiss a motion for post[-]conviction relief.” Little v. State, 426 So.2d 527, 529 (Ala.Cr.App.1983). See also Norris v. State, 579 So.2d 34, 35 (Ala.Cr.App.1991) (Bowen, J., dissenting).
II.
The petitioner’s presence was not required at the hearing on the petition. The circuit court set a date for a hearing on the petition. At the beginning of that hearing the circuit judge stated: “Well, my thought today is to hear what you [petitioner’s counsel] say is the basis for this writ to see whether or not it would warrant bringing him [the petitioner] back from the penitentiary for a hearing.”
The action of the court in conducting a hearing in the petitioner’s absence at which the attorneys for both the petitioner and the State presented argument was authorized. Under Rule 32.7(d), A.R.Crim.P., a court may summarily dismiss a petition upon a finding “that no material issue of fact or law exists which would entitle the petitioner to relief.” Furthermore, Rule 32.9(a) provides in pertinent portion: “The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required, or the court may take some evidence by such means and other evidence in an evidentiary hearing.”
Included in the findings made by the circuit court at the close of the hearing are the following:
“Now, with reference to the merits of the petition. I’ll make one observation for the record. This Court is convinced based on what I have seen over the last couple of years that Rule 32 is being abused to a great extent by prisoners who are in the Alabama penal system. My judgment is it is being used by a great number of those who wish to use it as a means of securing a trip up and down the highway to get out of whatever their surroundings are. There are, most of those that I have seen have no merit. This one, in my judgment, based on what I know of this case, has no merit.
“First, at the time this guilty plea was taken by this Court and by me personally, Mr. Gunn acknowledged that he was aware of his rights as set forth in the Ireland form, that he understood them, that he had no questions about them and understood that by pleading guilty he was giving up those rights.
“Secondly, he was asked very explicitly if he was satisfied with the services of his attorney in this case and he indicated to me that he did. I then further asked him whether or not anyone had promised him anything or made any threats, anything of that kind in order to get him to plead guilty, and he indicated to me that they had not.
“He further replied that he was pleading guilty because he was guilty.
“Now I also know that Mr. Kenneth Funderburk is a highly experienced criminal lawyer who practices in Phenix City in Russell County as well as in Lee County. He is not a rookie. He knows how to handle criminal cases. He appeared to secure a plea bargain agreement in this case for the minimum period of time available, the defendant being an habitual offender.
*228 “I have seen no evidence and personally know that Mr. Funderburk handles criminal cases in a proper manner.
“It appears to me that this petition has no merit whatsoever. Now I have considered what you have said and I have taken it as face value and I believe that if your client were present he would testify to the things that you have related to me and I have considered that information in light of what he would say were he here. But even if he were here and even if he testified to the matters as related by you, Mr. Wittelsey, I would not lend any credence to what he says. Therefore, I am going to deny your petition to have him brought here for a hearing, And further I'm going to deny the Rule 32 petition and it will be dismissed.”
These findings of the circuit court are supported by the record of the guilty plea conviction.
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.