BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Reginald Lynn Briggs, challenges his 1992 guilty plea conviction for burglary in the third degree. There was no direct appeal *159 from that conviction. The petition alleges that the appellant “was improperly sentenced as a habitual offender because he did not have notice of the state’s intention to proceed under the HFOA and that the state failed to offer proper proof of his prior convictions.” R. 19. Relief is precluded because the issue could have been raised on direct appeal. Rule 32.2(a)(5), A.R.Crim.P. See Robinson v. State, 629 So.2d 1 (Ala.1993); Nichols v. State, 629 So.2d 51 (Ala.Cr.App.1993).
The appellant also argues that his “counsel was ineffective at petitioner’s sentencing hearing because his attorney failed to properly object to the petitioner being sentenced to twenty (20) years as a habitual offender when the State had given no notice to petitioner that the State was going to proceed under the habitual offender statute, nor ha[s] the State proved, or attempted to properly prove a single prior felony conviction in this case.” R. 21.
The circuit court denied the petition for post-conviction relief, stating, “The matter is one which is inappropriate for relief because it is one which could have been but was not raised on appeal.” R. 24. The attorney general has filed a motion to remand this cause so that the circuit court can address the substantive merits of the claim of ineffective assistance of counsel.
Therefore, this cause is remanded to the circuit court with directions that that court consider the substantive merits of the appellant’s allegations of ineffective assistance of counsel according to the procedures set forth in Rule 32.7 and/or Rule 32.9, A.R.Crim.P. Within 90 days from the date of this opinion, the record on appeal shall be supplemented as directed by the circuit court, and the circuit court shall file a response in this Court reflecting compliance with these directions.
REMANDED WITH DIRECTIONS.
All Judges concur.