ON REMAND

BOWEN, Presiding Judge.
This cause was remanded to the circuit court with directions that that court consider, pursuant to the procedures set forth in Rule 32.7 and/or Rule 32.9, A.R.Crim.P., the merits of the appellant’s allegations of ineffective assistance of counsel. 630 So.2d 158. On remand, the circuit court entered the following order:
*160 “Both the plea colloquy and the sentencing proceeding reflect that two different defense counsel, in defendant’s presence, stipulated that defendant had at least one prior felony conviction and that the State was proceeding under the provisions of the Habitual [Felony] Offender Act with the sentence range required by statute for one such conviction. The presentence report reflects at least three prior felony convictions.
“Counsel for the defendant did an outstanding job convincing the State to proceed on the basis of one prior conviction. To file pleadings alleging otherwise and claiming lack of notice and proof is ludicrous, contemptuous and an abuse of the process of this Court. The Court will consider such sanctions as may be appropriate.
“The petition is denied and all costs are taxed against Reginald Lynn Briggs.” Supp.R. 9.
The record reflects that the judge who denied the appellant’s petition for post-conviction relief was the same judge who had accepted the appellant’s guilty plea.
“ ‘[A] judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed.’ Ex parte Hill, 591 So.2d 462, 463 (Ala.1991).
“ ‘ “In some cases, recollection of the events at issue by the judge who presided at the original conviction may enable him summarily to dismiss a motion for postconviction relief.” Little v. State, 426 So.2d 527, 529 (Ala.Cr.App.1983). “If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.” Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App. 1989).’
“Norris v. State, 579 So.2d 34, 35 (Ala.Cr. App.1991) (Bowen, J., dissenting). See also Harvell v. State, 594 So.2d 1301, 1302 (Ala.Cr.App.1992). Findings based on the personal observations of a judge are entitled to ‘significant weight.’ Wiggins v. State, 572 So.2d 1296, 1301 (Ala.Cr.App.1990).”
Kirkpatrick v. State, 624 So.2d 1116 (Ala.Cr.App.1993).
The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.