This is an appeal from the summary dismissal of a Rule 32, A.R.Crim.P, petition for post-conviction relief.
On February 20, 1992, the appellant, Johnny Frank Ray, was convicted by a jury of the unlawful possession of cocaine in Lee Circuit Court, case number CC-91-1130. On April 28, 1992, he was sentenced as a habitual felony offender to 20 years' imprisonment. Notice of appeal to this Court was timely filed and this Court's records[1] reveal that that appeal (CR 91-1174) was submitted on briefs on October 8, 1992.
The record in the instant appeal indicates that another case against the appellant, case number CC-92-035, came on for trial in November 1992, and that, during the jury selection process of this trial, the appellant entered into an agreement with the prosecution. See C.R. 15, 38-39. The prosecution agreed to nol-pros case number CC-92-035 and two other cases pending against the appellant and the appellant agreed to dismiss his appeal to this Court in case number CC-91-1130. Id.
The circuit court entered an order approving this agreement on November 9, 1992. C.R. 15, 38. This order recites that the "[d]efendant and his attorney orally state to the Court in open court that this agreement is acceptable to them." Id. The circuit court's order was filed with this Court on November 10, 1992. Formal Docket Sheet, CR 91-1174. On November 12, 1992, appellant's counsel filed a motion in this Court to dismiss the appeal and the appeal was dismissed on November 25, 1992. Id. *Page 162 
On June 16, 1993, the appellant filed a Rule 32, A.R.Crim.P., petition challenging his conviction in case number CC-91-1130. In this petition he alleged that counsel[2] was ineffective both at trial and on appeal and he identified specific acts and omissions that he contended were unprofessional. C.R. 12-17 He also alleged that the trial court lacked jurisdiction because the arresting officer failed to swear out a warrant for his arrest, C.R. 18; that the indictment was invalid because no evidence was presented to the grand jury, C.R. 19-21; and that the indictment against him was fatally defective because it "fail[ed] to allege that the offense was committed 'knowingly,' " C.R. 22-24. The State filed a response denying the allegations and attaching copies of the arrest warrant, the indictment, and the circuit court's order of November 9, 1992. C.R. 30-39. The circuit court summarily dismissed the petition with the following order:
 "This matter is before the Court on Petition for Relief Under Rule 32, Alabama Rules of Criminal Procedure, filed by the Petitioner, pro se. The District Attorney has filed a Motion to Dismiss.
 "The thrust of the petition is that trial counsel for the Petitioner was ineffective.
 "The Defendant entered a plea of guilty after being fully apprised of all of his rights. He also orally advised the Court that he was satisfied with the representation of his trial attorney. He was represented by retained counsel.
 "The Court finds that there is no merit to the allegations as set forth in said petition and that no further proceedings are warranted. The Motion to Dismiss is granted and this petition is dismissed."
C.R. 46 (emphasis added).
 " 'In some cases, recollection of the events at issue by the judge who presided at the original conviction may enable him summarily to dismiss a motion for postconviction relief.' Little v. State, 426 So.2d 527, 529 (Ala.Cr.App. 1983). 'If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.' Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App. 1989)."
Norris v. State, 579 So.2d 34, 35 (Ala.Cr.App. 1991) (Bowen, J., dissenting). See also Ex parte Hill, 591 So.2d 462, 463
(Ala. 1991).
In this case, the circuit judge who dismissed the Rule 32 petition was the same judge who presided over the appellant's trial in case number CC-91-1130 and was also the same judge who, in CC-92-035, approved the agreement in which the State agreed to nol-pros three cases against the appellant in return for the appellant's dismissing his appeal in case number CC-91-1130. While this judge was in a position to have "personal knowledge of the actual facts underlying the allegations in the petition," that knowledge is not reflected in the written order dismissing the petition — the appellant was convicted by a jury in case number CC-91-1130; he did not enter a plea of guilty.
We therefore remand this cause with the directions that the circuit judge review this matter and determine whether he does, in fact, have "personal knowledge of the actual facts underlying the allegations in the petition." If he has this personal knowledge, the circuit judge may enter a new order dismissing the petition in which he shall set forth his reasons for the dismissal. See Tatum v. State, 607 So.2d 383, 383-84
(Ala.Cr.App. 1992) (containing an excellent example of an order summarily denying a Rule 32 petition); Kirkpatrick v. State,624 So.2d 1116, 1117 (Ala.Cr.App. 1993) (noting that circuit "judge denied the petition in a very thorough written order . . . which concluded: '[B]ased upon the Court's observations and the Court's involvement in this case, it is the opinion of the Court that the defendant was not denied effective assistance of counsel' "). We note that the petition does assert claims other than ineffective assistance of counsel. While those other claims do not appear to be meritorious, see Ross v. State,529 So.2d 1074, 1078 (Ala.Cr.App. 1988) (in felony cases, *Page 163 
jurisdiction of court conferred by indictment); Ex parteHarper, 594 So.2d 1181, 1194 (Ala. 1991) (holding that indictment tracking language of drug offense statute, Ala. Code 1975, § 13A-12-211 (as did indictment in the instant case), was "not void for failing to allege that the offense was committed 'knowingly' "), these claims should also be addressed in the circuit judge's order.
In the event the circuit judge does not have sufficient personal knowledge of the underlying facts to dismiss the petition on that basis, he shall either hold an evidentiary hearing or take evidence by other means as provided in Rule 32.9(a), A.R.Crim.P., and shall thereafter "make specific findings of fact relating to each material issue of fact presented," as required by Rule 32.9(d). Either the trial judge's new order summarily dismissing the petition or the transcript of the evidentiary hearing (or evidence taken by other means) and the trial judge's findings of fact shall be filed with this Court within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] While the record of the direct appeal of this conviction "is not a part of the record in the present appeal, this Court may take judicial notice of its own records in this situation."Hull v. State, 607 So.2d 369, 371 n. 1 (Ala.Cr.App. 1992).
[2] The same attorney represented the appellant at his trial in case number CC-91-1130; on the appeal from the conviction in that case (which was ultimately dismissed); and in case number CC-92-035.