The appellant, Melvin Douglas Richmond, was convicted of possession of cocaine and was sentenced to 30 years' imprisonment as a habitual offender. This conviction was affirmed by this court in an unpublished memorandum dated September 30, 1993. 635 So.2d 923. On October 19th, the appellant filed a Rule 32, A.R.Crim.P., petition attacking his conviction. The trial court summarily dismissed this petition on November 12, 1993; this appeal followed.
In his petition, the appellant raised two grounds, one of which included three sub-issues. The appellant first claimed that he was ineffectively represented by his trial counsel because, he says, trial counsel 1) failed to file a pretrial motion for an independent testing of the cocaine alleged to be in the appellant's possession, 2) failed to file a motion to suppress evidence gathered as a result of an arrest that the appellant alleges was without probable cause, and 3) failed to make a Batson objection when the State used its peremptory strikes to remove blacks from the jury venire. The appellant next claimed that the State failed to establish a proper chain of custody for the evidence; however, this ground was precluded by Rule 32.2(a)(4), A.R.Crim.P., because it was addressed on direct appeal.
The State's response and its motion for summary dismissal of this petition was sufficiently specific to comply with Rule 32.3. In his order summarily dismissing the appellant's petition, the trial judge stated:
 "This matter is before the Court on petition for relief under Rule 32 filed by the Petitioner, pro se. The District Attorney has filed a Motion for Summary Dismissal.
 The Court has carefully reviewed the contents of the petition. Apparently, the thrust of same is inadequate counsel.
 The Court has an independent recollection of the trial of this case. Defendant was represented by retained counsel, Margaret Brown, who is an experienced and highly competent criminal defense attorney. The allegations of his petition are without merit.
 The Motion for Summary Dismissal is GRANTED. This case is dismissed."
(C. 28).
Generally, where a petition appears meritorious on its face, the trial court must conduct an evidentiary hearing. Ex parteBoatwright, 471 So.2d 1257, 1258 (Ala. 1985). A petition is meritorious on its face if "it contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief." Boatwright
471 So.2d at 1258. " ' "In some cases, recollection of the events at issue by the judge who presided at the original conviction may enable him summarily to dismiss a motion for postconviction relief."Little v. State, 426 So.2d 527, 529 (Ala.Cr.App. 1983). "If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the *Page 975 
reasons for the denial in a written order." Sheats v. State,556 So.2d 1094, 1095 (Ala.Cr.App. 1989).' Norris v. State,579 So.2d 34, 35 (Ala.Cr.App. 1991) (Bowen, J., dissenting). See also Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991)." Ray v.State, 646 So.2d 161 (Ala.Crim.App. 1994).
In this case, the judge who dismissed the appellant's Rule 32 petition presided over the appellant's trial. The order dismissing the petition, however, does not give the judge's reasons for summarily dismissing this petition. The basis for the circuit court's decision is essential to ensure the petitioner due process in his appeal of the denial of a Rule 32 petition. Henderson v. State, 570 So.2d 879
(Ala.Crim.App. 1990).
Therefore, we remand this cause with directions that the circuit judge enter a new order dismissing the petition in which he shall set forth his reasons for the dismissal. SeeTatum v. State, 607 So.2d 383, 383-84, (Ala.Cr.App. 1992) (containing an excellent example of an order summarily denying a Rule 32 petition). Ray v. State. This new order should address only the claims of ineffective assistance of counsel. If the circuit judge feels that further action is needed, he may hold an evidentiary hearing or take evidence by any means set forth in Rule 32.9, A.R.Crim.P. The circuit court shall make due return of its order and the transcript of any further proceedings it deems necessary, within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.