The appellant, Roy Allen Patty, appeals the summary dismissal of his Rule 32, A.R.Crim.P., petition challenging his 1994 convictions for rape and assault. Those convictions were affirmed by unpublished memorandum on direct appeal. Patty v.State, [CR 92-1715, May 6, 1994] ___ So.2d ___ (Ala.Cr.App. 1994) (table). The appellant contends that his petition was meritorious on its face and that, therefore, he was entitled to a hearing on his petition. We disagree.
The appellant asserts that his 48-page petition sufficiently alleged 1) that his guilty plea was not lawful, 2) that his attorney was ineffective because, according to the appellant, he failed to follow "standard operating procedures," 3) that his confession was coerced, 4) that incriminating evidence was obtained through an illegal search and seizure, 5) that his arrest was unlawful, 6) that his privilege against self-incrimination was violated, and 7) that the prosecution failed to disclose evidence favorable to the defense.
No error was committed in summarily dismissing the appellant's Rule 32 petition. The trial court correctly ruled that the appellant's issues either were precluded from review or, based on the record, lacked merit. CR. 67. " 'Where a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition. . . .' Bishop v. State,608 So.2d 345 (Ala. 1992) (quoting Bishop v. State,592 So.2d 664, 667 (Ala.Cr.App. 1991) (Bowen, J., dissenting))." Tatum v.State, 607 So.2d 383, 384 (Ala.Cr.App. 1992). Rule 32.7(d), A.R.Crim.P., permits the trial court to dismiss the petition "[i]f the court determines that the petition is not sufficiently *Page 339 
specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings."
Because the appellant had new counsel on the appeal of his original conviction, any issue regarding the effectiveness of trial counsel should have been presented to the trial court in a motion for a new trial. See Ex Parte Jackson, 598 So.2d 895
(Ala. 1992). Here, the appellant's claims of ineffective assistance of trial counsel constitute mere conclusions unsupported by fact. "It is the petitioner's burden to prove by a preponderance of the evidence the facts necessary to entitle him to relief. Rule 32.3." Craig v. State, 645 So.2d 349
(Ala.Cr.App. 1994).
Trial counsel's alleged ineffectiveness is summarized as follows: Trial counsel 1) failed to obtain an expert witness to rebut the state's expert witness; 2) failed to attack an allegedly fatally deficient indictment; 3) failed to object when the victim allegedly committed perjury; 4) failed to object when the appellant was denied a speedy trial; 5) failed to request a change of venue; 6) failed to object when the prosecutor referred to prior criminal acts allegedly committed by the appellant for which he had not been charged; 7) failed to object when a witness gave a detailed statement of a prior alleged criminal act; 8) failed to properly object to an allegedly illegal search and seizure; 9) failed to call witnesses to offer evidence that the warrantless search of the vehicle was illegal; 10) failed to object when prosecutor implied that appellant had had sex with victim on other occasions; 11) failed to take advantage of the fact that no semen was found in the victim's panties after the alleged rape; 12) committed the tactical error of offering into evidence the case action summary sheet which reflected erroneous charges against the appellant; 13) failed to object or to request a dismissal, and then permitted the case action summary sheet to reflect that the appellant did not attend the preliminary hearing when it was the victim who did not show up for the preliminary hearing; 14) obtained appellant's signature on the waiver of arraignment form by deceit; 15) failed to object when the State presented appellant's allegedly coerced statement; 16) failed to enter into the court records the fact that the appellant was subjected to the cruel and unusual punishment of having to sit naked in a cold room after being taken into custody; 17) failed to object to the prosecutor's allegedly inflammatory remark during examination of the appellant; 18) failed to object when the trial judge refused to give the appellant's requested jury charges; and 19) failed to call ten witnesses on appellant's behalf.
The Honorable John B. Bush presided over the appellant's trial on the merits and ruled on his Rule 32 petition.
 " ' "In some cases, recollection of the events at issue by the judge who presided at the original conviction may enable him summarily to dismiss a motion for postconviction relief." Little v. State, 426 So.2d 527, 529
(Ala.Cr.App. 1983). "If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order." Sheats v. State, 556 So.2d 1094, 1095
(Ala.Cr.App. 1989).'
 "Norris v. State, 579 So.2d 34, 35
(Ala.Cr.App. 1991) (Bowen, J., dissenting). See also Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991)."
Ray v. State, 646 So.2d 161 (Ala.Cr.App. 1994). Judge Bush's order dismissing the ineffective assistance of counsel claims stated, "A review of the record reflects that the representation was adequate and did not fall below the accepted standard." C.R. 67.
The appellant's petition also raised the issue of ineffective assistance of appellate counsel. The appellant's petition alleged that the appellate counsel: 1) failed to inform the appellant that the time in which to petition for a rehearing on direct appeal was limited; 2) refused to represent the appellant after the conviction was affirmed unless the appellant paid $1000.00; 3) failed to file a petition for certiorari review in the United States Supreme Court after being instructed by the appellant to fight all the way to the *Page 340 
United States Supreme Court; 4) "never discussed case in person with [the appellant], counsel only discussed four matters [the appellant] wrote down, refused to meet with [the appellant] and refused to discuss newly discovered evidence which could have assisted [the appellant] in getting case overturned." C.R. 58.
The allegations relating to appellate counsel's performance after the appellant's conviction was affirmed on direct appeal (2 and 3) are without merit. As to allegation 1, this court has stated:
 "[T]he mere right to apply for rehearing does not carry with it the right to counsel. It is the nature of the rehearing itself which controls the right to counsel. A rehearing is a discretionary review, not a matter of right, and 'a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. . .' Wainwright v. Torna, 455 U.S. [586,] 587, 102 S.Ct. [1300,] 1301 [,71 L.Ed.2d 475 (1982)]. Since a rehearing is a discretionary review, [the appellant] had no right to counsel in the filing of an application for rehearing. Consequently, he could not be deprived of the effective assistance of counsel by his appointed counsel's failure to file an application for rehearing. See Wainwright v. Torna, 455 U.S. at 587-88, 102 S.Ct. at 1301."
Kinsey v. State, 545 So.2d 200, 205 (Ala.Cr.App. 1989) (emphasis omitted).
The appellant's fourth accusation is a mere allegation, completely unsupported by facts concerning the necessity of raising additional issues on appeal and the existence of newly discovered evidence. See Craig v. State, supra.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.