LONG, Judge.
In April 1993, following a bench trial, the appellant, Jimmy Earl Hall, was convicted of unlawful imprisonment in the second degree, burglary in the second degree, and intimidating a witness, violations of §§ 13A-6^42, 13A-7-6, and 13A-10-123, Code of Alabama 1975, respectively. The appellant was sentenced, as a habitual felony offender, to two terms of life imprisonment, to run concurrently. The appellant’s conviction was affirmed by this court in an unpublished memorandum on April 15, 1994. The appellant was represented at trial and on appeal by the same counsel.
On November 3,1994, the appellant filed a petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P., attacking his April 1993 convictions. In the petition, the appellant alleged several instances of ineffective assistance of counsel. The appellant also alleged, as best we can discern: (1) that his conviction was obtained by evidence gathered pursuant to an unlawful search and arrest, (2) that his conviction was obtained in violation of his privilege against self-incrimination, (3) that the prosecution failed to disclose to him exculpatory evidence, (4) that the trial court was without jurisdiction to render a judgment or to impose the sentence, (5) that he had newly discovered evidence in the form of a witness who could exonerate him, (6) that his cases had been illegally consolidated for trial, and (7) that his convictions were obtained by the actions of an unconstitutionally selected and impaneled grand jury. On November 16, 1994, the appellant filed “[a]d-ditional [arguments in [sjupport of [his] Rule 32 petition” (C. 55^76), in which he presented more allegations of ineffective assistance of counsel.
On December 5, 1994, the state responded to the appellant’s Rule 32 petition. The state maintained:
“Defendant’s Rule 32 petition is precluded upon grounds which were either raised during trial and appeal or could have been raised during trial and appeal.
“Defendant’s arguments for a new trial are without merit.”
(C. 79.)
*1354 On March 3, 1995, the trial court entered an order stating, “[P]etition under Rule 32 [is] denied w/o hearing.” (C. 3.)
Where, as here, a defendant was represented at trial and on appeal by the same counsel, claims of ineffective assistance of counsel are cognizable in a petition for post-conviction relief under Rule 32, Ala. R.Crim.P. Ex parte Besselaar, 600 So.2d 978, 979 (Ala.1992). As noted above, the appellant raised numerous claims of ineffective assistance of counsel, as well as various other allegations which, he maintains, entitle him to relief. This Court is unable to ascertain the basis for the trial court’s denial of the appellant’s petition or whether the trial court considered all the allegations raised in the appellant’s petition. “The basis for the circuit court’s decision is essential to ensure the petitioner due process in his appeal of the denial of a Rule 32 petition.” Richmond v. State, 659 So.2d 973, 974 (Ala.Crim.App.1994). While “[w]e fully recognize that in providing for the summary disposition of a petition for posUconviction ' relief, Rule [32.7(d) ] does not require a statement of the reasons for the dismissal ... we deem it the more judicious and prudent procedure to remand this cause to the circuit court with directions that that court specify the reasons for the dismissal of the petition.” Henderson v. State, 570 So.2d 879, 880 (Ala.Crim.App.1990).
In remanding this cause, we direct the trial court’s attention to our order of remand in Harper v. State, 676 So.2d 949 (Ala.Crim.App.1995), wherein we stated:
“Because of the wealth of allegations in Harper’s petition, if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle Harper to relief. In other words, the court’s written findings are to address individually each claim not precluded by Rule 32.2.
“In the event that the circuit court on remand finds that any of Harper’s claims, particularly any of the ineffective counsel claims, are meritorious on their face, the court may properly dispose of those allegations without an evidentiary hearing under one of two sets of circumstances. First, if it has before it ‘facts supporting the position of each party [that] are fully set out in ... supporting affidavits.’ Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App.1989) (relying on Temp. Rule 20.9(a), Ala. R.Cr.P., now Rule 32.9(a), which states, in part, that ‘the court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing’). Second, if the events that serve as the basis of the ineffective counsel allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala.1991) (wherein the court held that ‘a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed’). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App.1991) (wherein the court noted that meritorious allegations ‘warrant either an evidentiary hearing or an adequate explanation for their denial’). In the event that the circuit judge has personal knowledge of the actual facts underlying any of Harper’s allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).”
Should the trial court deem it necessary to hold an evidentiary hearing addressing the appellant’s claims, the trial court’s return to remand shall include a transcript of the re *1355 mand proceedings. On remand, the trial court may, in its discretion, require a more thorough response from the state. The trial court should take the necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time within 56 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
All Judges concur.