LONG, Presiding Judge.
The appellant, Joseph R. Twarog, pleaded guilty to and was convicted of murder, a violation of § 13A-6-2, Ala.Code 1975. He was sentenced to life in prison; his conviction and sentence were affirmed on direct appeal without opinion. Twarog v. State, 662 So.2d 306 (Ala.Cr.App.1994) (table). He subsequently filed a petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P., making the following claims: (1) that his guilty plea was not voluntary because, he says, it was induced by his mistaken “good faith belief’ that he would be eligible to earn good time credit on his sentence; (2) that the state had breached a plea agreement regarding his sentencing; and (3) that his counsel during the guilty plea proceedings was ineffective.[1] The trial court conducted an evi-dentiary hearing on the appellant’s petition and denied the petition, but did not make “specific findings of facts relating to each material issue of fact presented” as required by Rule 32.9(d), Ala.R.Crim.P.
The state has requested that this cause be remanded to the Circuit Court for Limestone County so that that court can comply with Rule 32.9(d). See Chambers v. State, 627 So.2d 1100 (Ala.Cr.App.1993). Accordingly, this cause is remanded for the circuit court to make specific findings of fact relating to each material issue of fact presented in the appellant’s petition. The circuit court is directed to specify the reason or reasons for its denial as to each claim raised in the appellant’s petition, whether that denial is based on procedure or on the merits. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. **
All Judges concur.

. We note that the appellant had the same attorney for the proceedings in the trial court and on direct appeal. See Ex parte Besselaar, 600 So.2d 978, 979 (Ala.1992) (where a defendant is represented at trial and on appeal by the same counsel, claims of ineffective assistance of trial counsel are cognizable in a petition for post-conviction relief under Rule 32, Ala.R.Crim.P.).

 Note from the reporter of decisions: On September 5, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.