McMILLAN, Judge.
This appeal arises out of the summary denial of the appellant’s Rule 32, Ala.R.Crim. P., petition.
In August 1994, the appellant, Leo Cain, Jr., was found guilty in a jury .trial of the offense of robbery in the first degree, and was sentenced, pursuant to the Habitual Felony Offender Act, to life imprisonment. This Court affirmed the appellant’s conviction by an unpublished memorandum, and the Alabama Supreme Court denied his petition for certiorari review. Cain v. State, 683 So.2d 64 (Ala.Cr.App.1995), cert. denied, 677 So.2d 249 (Ala.1996).
Thereafter, the appellant filed a petition, pursuant to Rule 32, Ala.R.Crim.P., alleging that both his trial and appellate counsel were ineffective. The trial judge, who was also the judge who presided over the appellant’s robbery trial, summarily dismissed the appellant’s petition, pursuant to Rule 32.7(d), Ala. R.Crim.P., without a written order and before the State filed its answer.
On appeal, the appellant argues that the trial court erred by summarily denying his Rule 32 petition without a written order advising him of the reasons for his ruling, because the State failed to file an answer to his petition, and because his petition was meritorious on its face.
In Richmond v. State, 659 So.2d 973 (Ala.Cr.App.1994), this Court addressed facts similar to those of the instant case. In Richmond v. State, the appellant filed a Rule 32, Ala.R.Crim.P., petition, which claimed ineffective assistance of trial counsel, and the Rule 32 petition was assigned to the same trial judge who had presided over the petitioner’s trial. After finding that the other issue raised in his petition was precluded from review by Rule 32.2(a)(4), Ala.R.Crim. P., the trial court summarily dismissed the petition based upon his independent recollection of the petitioner’s trial. The brief written order entered by the trial judge stated that he recalled the petitioner’s trial and that the attorney who had represented the petitioner at trial was “an experienced and highly competent criminal defense attorney.” In reversing the judgment of the trial court, and remanding the case to the circuit court so that that court could enter a written order stating its reasons for dismissing the petition, this Court held:
“Generally, where a petition appears meritorious on its face, the trial court must conduct an evidentiary hearing. Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala. 1985). A petition is meritorious on its face if ‘it contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief.’ Boatwright, 471 So.2d at 1258. 1 “ ‘In some cases, recollection of the events at issue by the judge who presided at the original conviction may enable him summarily to dismiss a motion for postconviction relief.’ Little v. State, 426 So.2d 527, *1112 529 (Ala.Cr.App.1983). ‘If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without furthér proceedings so long as he states the reasons for the denial in a written order.’ Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App.1989).” Norris v. State, 579 So.2d 34, 35 (Ala.Cr.App.1991) (Bowen, J., dissenting). See also Ex parte Hill, 591 So.2d 462, 463 (Ala.1991).’ Ray v. State, 646 So.2d 161 (Ala.Crim.App.1994).”
“In this case, the judge who dismissed the appellant’s Rule 32 petition presided over the appellant’s trial. The order dismissing the petition, however, does not give the judge’s reasons for summarily dismissing this petition. The basis for the circuit court’s decision is essential to ensure the petitioner due process in his appeal of the denial of a Rule 32 petition. Henderson v. State, 570 So.2d 879 (Ala. Crim.App.1990).”
Richmond v. State, 659 So.2d at 974-75 (emphasis supplied).
In the instant case, the appellant had new counsel on direct appeal of his robbery conviction. Because the appellant could have raised the issue of ineffective assistance of trial counsel on direct appeal, this issue is precluded from appellate review. Rule 32.2(a)(5), Ala.R.Crim.P. See also, Hall v. State, 673 So.2d 782 (Ala.Cr.App.1995); Alderman v. State, 647 So.2d 28, 31 (Ala.Cr.App.1994). However, this petition presents the appellant’s first opportunity to raise his claim of ineffective assistance of appellate counsel, and that claim is therefore properly before this Court.
Therefore, we remand this cause with directions that the trial judge enter a new order dismissing the' petition in which he shall set forth his reasons for the dismissal. See Tatum v. State, 607 So.2d 383, 383-84, (Ala.Cr.App.1992); Bowers v. State, 709 So.2d 494 (Ala.Cr.App.1995); Pope v. State, 682 So.2d 486 (Ala.Cr.App.1996). The circuit court shall make due return of its order within 45 days of the date of this opinion, and shall include a part of its return the transcript of any further proceedings it deems necessary.
REMANDED WITH DIRECTIONS.*
All judges concur.

 Note from the reporter of decisions: On January 30, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 6, 1998, that court denied rehearing, without opinion.