BASCHAB, Judge.
On January 14, 2002, the appellant, Aubrey Lenard Glover, was convicted of failure to redeliver a hired vehicle, first-degree robbery, and possessing a pistol after having previously been convicted of a crime of violence. On January 29, 2002, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole on the first-degree robbery conviction and concurrent terms of fifteen years in prison on the failure to redeliver a hired vehicle conviction and five years in prison on the possessing a pistol after having previously been convicted of a crime of violence conviction. See § 13A-5-9(c), Ala.Code 1975. The appellant did not file any post-trial motions. On September 8, 2004, the appellant filed a Rule 32 petition, asserting that he had not appealed his convictions through no fault of his own. The circuit court granted the petition and ordered that the appellant be allowed to file an out-of-time appeal. Thus, this appeal followed.
Appellate counsel filed a brief and a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there were not any meritorious issues to raise on appeal. However, our review of the record indicates that the appellant was sentenced on January 29, 2002, and that he filed his Rule 32 petition on September 8, 2004. Rule 32.1, Ala. R.Crim. P., provides, in pertinent part:
“Subject to the limitations of Rule S2.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
[[Image here]]
“(f) The petitioner failed to appeal within the prescribed time ... and that failure was without fault on petitioner’s part.”
(Emphasis added.) Rule 32.2(c), Ala. R.Crim. P., as amended effective August 1, 2002, provides, in pertinent part:
“[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule S2.1 (a) and (f), unless the petition is filed ... (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses.”
(Emphasis added.) Finally, the Court Comment of January 27, 2004, to Amendment to Rule 32.2 Effective August 1, 2002,. provides, in pertinent part:
■ “The triggering date for calculating the timeliness of a postconviction petition pursuant to Rule 32, Ala. R.Crim. P., is ... if no appeal is taken, the date upon which the time for filing an appeal lapses. The order of this Court issued on March 22, 2002, amending Rule 32.2, Ala. R.Crim. P., provided that the amendment of Rule 32.2 was effective August 1, 2002. That effective-date language shall be interpreted to mean
[[Image here]]
*341 “2) that defendants in cases in which the triggering date occurs during the period beginning August 1, 2001, and ending July 31, 2002, shall have one year from August 1, 2002, within which to file a postconviction petition pursuant to Rule 32, Ala. R.Crim. P.... ”
The triggering date in this case was March 12, 2002. Because that date occurred between August 1, 2001, and July 31, 2002, the appellant had until August 1, 2003, to timely file his petition.
In this case, the State did not file a motion to dismiss asserting that the statute of limitations applied. However, we addressed a similar situation in Williams v. State, 783 So.2d 135, 136-37 (Ala.Crim.App.2000), as follows:
“The State did not file a motion to dismiss asserting that the limitations period applied. However, in Siebert v. State, 778 So.2d 842, 847 (Ala.Crim.App.1999), cert. denied, 778 So.2d 857 (Ala.2000), we stated:
“ ‘Siebert argues on appeal that his petition should not be barred by the two-year limitations period in Rule 32.2(c) for the following reasons:
[[Image here]]
“ ‘2. The State waived this affirmative defense by failing to raise it in its first responsive pleading.
[[Image here]]
“ ‘Claim 2, asserting that Rule 32.2(c) must be raised as' an affirmative defense in the first responsive pleading or it is waived, is without merit....
[[Image here]]
“ ‘... [Notwithstanding the requirement of Rule 32.3 that the State “shall have the burden of pleading any ground of preclusion,” this court has repeatedly stated that “[w]here a simple reading of a petition for post-conviction relief shows that, assuming the allegations of the petition to be true, it is obviously without merit or is precluded, the trial court may summarily dismiss the petition without requiring any response from the state.” Burton v. State, 728 So.2d 1142, 1148 (Ala.Cr.App.1997) (citing Bishop v. State, 608 So.2d 345 (Ala.1992), and Patty v. State, 652 So.2d 337 (Ala.Cr.App.1994)) (emphasis added). Thus, the trial court could have dismissed the petition on procedural grounds even without any response from the State.’
“Rule 32.2(c), Ala. R.Crim. P., establishes a limitations period for filing a petition for post-conviction relief on the grounds specified in Rule 32.1(a) and (f), Ala. R.Crim. P., and its language is mandatory. See Hugh Maddox, Alabama Rules of Criminal Procedure § 32.2 (3d ed.1999). ‘The statute of limitations is a jurisdictional matter.’ Hines v. State, 516 So.2d 937, 938 (Ala.Crim.App.1987). See also Ex parte Campbell, 784 So.2d 323 (Ala.2000); Hunt v. State, 642 So.2d 999 (Ala.Crim.App.1993), aff'd, 642 So.2d 1060 (Ala.1994). Therefore, the failure to file a Rule 32 petition within the [applicable] limitations period is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the State to assert it. Any previous holdings to the contrary are hereby expressly overruled. See, e.g., Howard v. State, 616 So.2d 398 (Ala.Crim.App.1993).
“In this case, the appellant filed his Rule 32 petition more than two years after this court issued a certificate of judgment. Therefore, his petition was not timely, and the circuit court did not have jurisdiction to grant him relief pursuant to Rule 32.1(f), Ala. R.Crim. P.”
In this case, the appellant filed his Rule 32 petition after August 1, 2003. There *342 fore, his petition was not timely, and the circuit court did not have jurisdiction to grant him relief pursuant to Rule 32.1(f), Ala. R.Crim. P. Accordingly, we dismiss this appeal.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.